# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

### Francis R. CHOCK
### Boatswain's Mate Third Class (E-4), U.S. Coast Guard

### CGCMSP 25011
### Docket No. 1490

### 20 February 2024

Special court-martial sentence adjudged on 13 September 2022.

| | |
|---|---|
| Military Judge: | CDR Emily P. Reuter, USCG |
| Appellate Defense Counsel: | LCDR Jennifer S. Saviano, USCG |
| Appellate Government Counsel: | LT Tae W. Chon, USCG |

## BEFORE
## McCLELLAND, BRUBAKER & MANNION
Appellate Military Judges

McCLELLAND, Chief Judge:

A military judge sitting as a special court-martial convicted Appellant, consistent with his pleas entered in accordance with a plea agreement, of one specification of abusive sexual contact, in violation of Article 120, Uniform Code of Military Justice (UCMJ). Appellant was sentenced to confinement for ten months and reduction to E-1. Judgment was entered accordingly.

Before this Court, Appellant has assigned as error that his due process right to timely appellate review was violated when the Government delayed providing notice of his right to appeal and ultimately took 213 days to transmit his record of trial to this Court.

This case comes to us as a non-automatic appeal under Article 66(b)(1), UCMJ. It took 181 days from sentencing to provide Appellant his Notice of Right to Appeal (NORA). Once

Appellant timely filed a notice of appeal, it took the Government 32 days to transmit a complete record of trial (ROT) with attachments and transcript.

Appellant argues, citing *United States v. Moreno*, 63 M.J. 129, 136 (C.A.A.F. 2006), that post-trial delay in this case is facially unreasonable. The Court in *Moreno* established specific time standards: "[W]e will apply a presumption of unreasonable delay that will serve to trigger the *Barker* four-factor analysis [to determine whether delay violates due process] where the action of the convening authority is not taken within 120 days of the completion of trial. We will apply a similar presumption of unreasonable delay . . . when the record of trial is not docketed by the service Court of Criminal Appeals within thirty days of the convening authority's action." *Id.* at 142.

We observed, in *United States v. Tucker*, 82 M.J. 553, 570 (C.G. Ct. Crim. App. 2022), that the Military Justice Act of 2016 (MJA 2016) and the ensuing Manual for Courts-Martial, United States (2019 ed.) (*MCM*) changed the post-trial process, so that "treating the convening authority's action as a terminal landmark in post-trial processing has been superseded by" the amendments to the UCMJ and *MCM*. In the absence of new guidance from the Court of Appeals for the Armed Forces, we combined the 120-day and thirty-day *Moreno* time standards, and declared a new standard that a presumption of unreasonable delay will be applied if the record of trial is not docketed with this Court within 150 days after completion of trial. *Id.*

The post-trial process begins with preparation of the ROT and attachments, which is governed by Rule for Courts-Martial (R.C.M.) 1112 for every special and general court-martial. Upon completion of that preparation, the ROT and attachments are transmitted to the Judge Advocate General, in accordance with R.C.M. 1116(a). At this point, the paths of cases diverge depending on whether or not they are qualified for automatic review. In a case qualified for automatic review (an "Article 66(b)(3)" case, governed by Article 66(b)(3), UCMJ), the ROT and attachments are to be immediately forwarded to the Court of Criminal Appeals, in accordance with R.C.M. 1116(b)(1). A copy is forwarded to appellate defense counsel in accordance with R.C.M. 1116(b)(1)(A).

**United States v. Francis R. CHOCK, No. 1490 (C. G. Ct. Crim. App. 2024)**

In a case not qualified for automatic review (an "Article 66(b)(1)" case, governed by Article 66(b)(1), UCMJ), the Judge Advocate General is to provide notice to the accused of the right to file an appeal in accordance with R.C.M. 1116(b)(2), and a copy of the ROT and attachments is forwarded to appellate defense counsel in accordance with R.C.M. 1116(b)(2)(A). The accused has 90 days to file an appeal after receiving notice of appellate rights. Article 66(c)(1)(A). This introduces a new segment to the timeline of post-trial processing before a case reaches the Court of Criminal Appeals. If the accused does appeal, the Judge Advocate General will then provide the record of trial and attachments to the Court.

In short, the *Moreno*/*Tucker* time standards cannot be applied to an Article 66(b)(1) case without modification. Although both parties offer ideas concerning a standard of presumptively unreasonable delay for Article 66(b)(1) cases, we need not adopt a standard here because even if there was a due process violation, it was harmless.

If an appellant has been denied the due process right to speedy post-trial review and appeal, "we grant relief unless this court is convinced beyond a reasonable doubt that the constitutional error is harmless." *United States v. Toohey*, 63 M.J. 353, 363 (C.A.A.F.2006).

> As a general matter, we can dispose of an issue by assuming error and proceeding directly to the conclusion that any error was harmless. . . . Thus, in cases involving claims that an appellant has been denied his due process right to speedy post-trial review and appeal, we may look initially to whether the denial of due process, if any, is harmless beyond a reasonable doubt.

*United States v. Allison*, 63 M.J. 365, 370-71 (C.A.A.F. 2006). To determine whether a due process violation is harmless beyond a reasonable doubt, we consider the totality of the circumstances. *Id.* at 371; *United States v. Bush*, 68 M.J. 96, 103 (C.A.A.F. 2009).

Appellant has not asserted any error in this case other than the post-trial delay issue. He submitted a declaration under penalty of perjury setting forth his anxiety and concern, which was attached to the record pursuant to his motion to attach, but it did not present any cognizable prejudice. Beyond that, delay in the post-trial processing of this case, in which there are no appellate issues (other than post-trial delay), is surely harmless. Having considered the entire

3

record, we conclude that if there was a violation of due process arising from post-trial processing delay, it was harmless beyond a reasonable doubt.

We turn now to whether we should grant relief under Article 66(d)(2), UCMJ, and *United States v. Tardif*, 57 M.J. 219 (C.A.A.F. 2002). This Court may, regardless of whether there is a due process violation, "provide appropriate relief" if an appellant demonstrates "excessive delay in the processing of the court-martial after the judgment was entered into the record," Article 66(d)(2), UCMJ.

The record, including items attached to the record pursuant to Government and Defense motions to attach, shows the following sequence of post-trial events:

| Date | Event | Days elapsed |
|------|-------|:---:|
| 13 SEP 22 | Sentence adjudged | 0 |
| 15 NOV 22 | SJA signed Post-Trial Action SJA Review page | 63 |
| 21 NOV 22 | Convening authority signed CA Action page | 69 |
| 23 NOV 22 | Entry of Judgment (EOJ) | 71 |
| 28 DEC 22 | ROT and attachments sent to MJ (first attempt) | 106 |
| 4 JAN 22 | MJ received ROT and attachments for verification | 113 |
| 11 JAN 23 | MJ signed verification | 120 |
| 13 JAN 23 | ROT & attachments sent to records custodian | 122 |
| 7 MAR 23 | Defense request for speedy post-trial processing | 175 |
| 10 MAR 23 | NORA signed | 178 |
| 14 MAR 23 | NORA received by Appellant | 182 |
| 5 JUN 23 | Appeal received; CCA ordered filing dates | 265 |
| 7 JUL 23 | ROT & attachments received at CCA | 297 |

There are several separate delays within the timeline, some of which are partially explained. First, there was a delay from 1 October 2022 until 1 November 2022, awaiting some sort of support from the Legal Services Command (LSC). The LSC supports all Coast Guard special and general courts-martial, providing a trial counsel among other things. The delay appears to be a result of both ignorance about required process and communication failures. Second, there was an unexplained delay between the EOJ, on 23 November 2022, and the first attempt, more than a month later, to provide the record of trial (ROT) to the military judge for verification, as required by the Coast Guard Military Justice Manual (MJM), COMDTINST M5810.1H, second para. 21.E.4.a. Third, between the military judge's verification on 11 January

4

2023 and the signed NORA on 10 March 2023, issues with (requiring additions to) the ROT and attachments were resolved, although there is nothing specific mentioned after 3 February 2023. Fourth, after the appeal was filed with this Court, it took 32 days for the ROT and attachments to be transmitted to the Court, even though a transcript had been made months earlier.

These delays bespeak a lack of institutional diligence and are unreasonable, warranting some relief. The Government unquestionably has responsibility for required post-trial processing, including sufficient knowledge and supervision to accomplish it in a timely manner. This includes responsibility for correctly assembling the ROT and attachments. As we noted in *United States v. Woods*, No. 1481, 2023 WL 7555387 at *4 (C.G. Ct. Crim. App. Nov. 15, 2023) (unpublished), both quality and timeliness of records have been suffering in recent years, and improvement to post-trial processing is important to the integrity and perception of military justice in the Coast Guard. We look forward to such improvement, which we are aware is being pursued.

We will disapprove one month of Appellant's sentence to confinement.

### Decision

We determine that the findings are correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty are affirmed. Only so much of the sentence as provides for confinement for nine months and reduction to E-1 is affirmed.

Judges BRUBAKER and MANNION concur.



For the Court,

Sarah P. Valdes
Clerk of the Court